IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                               ORDER

      v.                                    06-CR-048-WMC-01

EMMA THOMAS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Emma Thomas' supervised release was held on January 26, 2011, before United States District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by Associate Federal Defender Erika L. Bierma. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on February 28, 2007, following her conviction for bank fraud in violation of 18 U.S.C. § 1344. This offense is a Class B felony. She was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 36 months, with a five-year term of supervised release to follow.

Defendant began her term of supervised release on May 5, 2009. Defendant violated the mandatory condition prohibiting her from committing another federal, state or local crime as evidenced by her October 29, 2010, conviction for disorderly conduct.

Defendant violated Standard Condition No. 2, requiring her to submit a written monthly report within the first five days of each month when she failed to submit reports for May, July, and November 2009; and April and September 2010.

Defendant violated Standard Condition No. 7, prohibiting her from the purchase, possession, use, distribution or administration of any narcotic or other controlled substance; and Special Condition No. 4, prohibiting her from the use of illegal drugs, as evidenced by her urine specimens which tested positive for marijuana and were submitted on August 11, 20, 23, 2010; and September 3 and October 15, 2010. Further evidence that the defendant violated these conditions was her urine specimens which tested positive for cocaine and were submitted on November 19, December 3 and 13, 2010; and on January 10, 2011.

In October 2010, defendant violated Standard Condition No. 9, prohibiting her from associating with any person engaged in criminal activity or convicted of a felony unless granted permission to do so by the probation officer, when she allowed convicted felon Brian D. Freeman to reside with her. On November 16, 2010, defendant again violated Standard Condition No. 9, along with Special Condition No. 4, requiring her to abstain from the use of illegal drugs and from associating with drug users and sellers, when she resided with convicted felon Norman J. Bradley-Calvin who was using crack cocaine at the time. In September 2010, defendant again violated Special Condition No. 4, when Elijah Washington was residing with her while selling marijuana and crack cocaine from her residence.

Defendant's conduct falls into the category of a Grade C violation. Pursuant to 18 U.S.C. § 3583(g)(4), revocation of supervised release is mandatory if a defendant tests

positive for illegal controlled substances more than three times over the course of one year. Pursuant to 18 U.S.C. § 3583(d) the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception to mandatory revocation.

## CONCLUSIONS

Defendant's violations require revocation. Defendant has squandered numerous treatment opportunities, and there does not appear to be any circumstances warranting an exception from mandatory revocation. Accordingly, the 36-month term of supervised release imposed on defendant on February 28, 2007, will be revoked.

Defendant's criminal history category is VI. With a Grade C violation and a criminal history category of VI, defendant has an advisory guideline term of imprisonment range of 8 to 14 months. The statutory maximum to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which defendant was sentenced previously was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. A custodial sentence of one day will be followed by a term of supervised release, as authorized under 18 U.S.C. 3583(h), which will include special conditions intended to address her severe addiction to drugs and ameliorate the harm to which she has exposed her children. The sentence is also intended to hold defendant accountable for her violations, protect the community, and provide general and specific deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on February 28, 2007, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of one day, with credit for her court appearance. A 24-month term of supervised release shall follow. All standard and special conditions previously imposed shall remain in effect, and the following special condition shall be added:

> Special Condition No. 7: "Upon the first available vacancy, defendant shall reside at a federally approved residential reentry center, specifically ARC Community Services, Inc. (ARC), for a period of up to 180 days. The defendant may be absent from the center for employment purposes and for passes consistent with program rules. Early discharge from the facility is contingent upon the approval of both the facility administrator and the supervising U.S. probation officer. If deemed appropriate by ARC staff, and the supervising U.S. probation officer, the residential reentry center placement will be followed by intensive outpatient treatment for a period of up to 180 days."

Defendant shall remain registered with local law enforcement agencies and the state attorney general before release from imprisonment.

Entered this 26th day of January, 2011.

BY THE COURT:

/s/

_____
William M. Conley
Chief District Judge