IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

     v.                                                06-cr-48-wmc-1

EMMA THOMAS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petitions for judicial review of Emma Thomas' supervised release was held on July 26, 2012, before United States District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Meredith P. Duchemin. Defendant was present in person and by attorney William Jones. Also present was Senior U.S. Probation Officer Helen Healy Raatz.

FACTS

From the record and the testimony of the defendant in court today, I make the following findings of fact.

Defendant was sentenced in the Western District of Wisconsin on February 28, 2007, following her conviction for bank fraud, in violation of 18 U.S.C. § 1344. This offense is a Class B felony. She was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 36 months, with a five-year term of supervised release to follow. On January 24, 2011, the term of supervised release was revoked for violations

consisting of testing positive for cocaine and marijuana, associating with known criminals and a disorderly conduct conviction. Defendant was sentenced to one-day prison with credit for time served. An 18-month term of supervised release was ordered to follow. On September 15, 2011, the second term of supervised release was revoked for violations consisting of associating with a convicted felon, possessing a knife while at a residential reentry center, and failure to complete a residential reentry center placement. Defendant was sentenced to eight-months' prison. A 12-month term of supervised released was ordered to follow. All standard and special conditions remained in effect.

On May 29, 2012, defendant began her third term of supervised release. On May 30, 2012, defendant violated Standard Condition No. 3, requiring her to answer truthfully all inquires of the probation officer and follow the instructions of the probation officer. She falsely reported Ralph Lewis was her uncle and reported that the room she was occupying belonged to Mr. Lewis' son, knowing the room was in fact used by a convicted felon. On June 28, 2012, she violated that condition again when she failed to report to a scheduled office contact, as instructed by her probation officer.

Defendant violated Standard Condition No. 6, requiring her to notify the probation officer within seventy-two hours of any change in residence or employment, when she failed to inform the probation officer of where she was living after she moved out of the room she stayed in at Mr. Lewis' home. Her whereabouts were unknown between June 24, 2012, and June 29, 2012.

On July 2, 2012, defendant violated the Mandatory Condition prohibiting defendant from possessing a firearm, destructive device, or other dangerous weapon. Specifically, she

again possessed a knife, this time resembling a firearm, when taken into custody in transit to the probation office.

Defendant's conduct falls into the category of a Grade C violation. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant has squandered two prior terms of supervised release. She lied to the probation office at the onset of supervision, failed to follow the instructions of the probation office, failed to report where she was living to the probation office, and possessed a dangerous weapon while in transit to the probation office, which underscores her unwillingness to hold herself accountable for, or follow the conditions of, supervised release. I also find the defendant's testimony attempting to explain her most recent conduct not credible. Even if it were, the defendant has demonstrated a consistent unwillingness to cooperate in any meaningful way with three different probation officers. Accordingly, the 12-month term of supervised release imposed on defendant on September 15, 2011, will be revoked.

Defendant's criminal history category is VI. A Grade C violation and a criminal history category of VI result in an advisory guideline term of imprisonment range of 8 to 14 months. The statutory maximum term of imprisonment to which defendant can be sentenced upon revocation is 36 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which defendant was sentenced previously was a Class B felony.

3

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence within the guideline range. The defendant has a history of violence. For the second time, she has been found in possession of a knife, on this last occasion on her way to a probation office appointment. These incidents are, unfortunately, consistent with repeated, earlier failures to comply with terms of condition. The sentence is intended to hold defendant accountable for her violations, protect the community, and provide general deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 15, 2011, is REVOKED and the defendant is committed to the custody of the Bureau of Prisons for a term of one year and one day. The court recommends the defendant undergo a full psychological evaluation and be offered all mental health and substance abuse treatment available. This term of imprisonment is to be followed by a one-year term of supervised release. All standard and special conditions previously imposed shall remain in effect, except Special Condition No. 7.

Entered this 27th day of July, 2012.

BY THE COURT:

William M. Conley
District Judge